### MARY C. PAUL, ET AL., *v.* HUGH W. PAUL.

**Mental Capacity of Defendant—Service of Process.**

Where a defendant before a suit was brought against him had been found to be of unsound mind and sent to the lunatic asylum and there is no evidence that he was served with process or that a committee or guardian was appointed, it was error to render judgment against him.

#### APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

December 1, 1876.

OPINION BY JUDGE ELLIOTT:

From the pleadings and proof in this cause it appears that at the bringing of this suit and at this time Thomas W. Paul, one of the appellants, was and is a lunatic, and that before this suit was brought he had been found to be of unsound mind and sent to the lunatic asylum at Lexington, Ky., where he has been confined ever since, and there is no evidence in this record either that he has been served with process or that a committee or guardian was appointed in the court below to defend for him, and consequently it was error to render judgment against him.

Sec. 60, Civil Code, declares that no judgment can be rendered against a person of unsound mind till after defense either by committee or guardian ad litem, appointed by the court, and that the appointment of his guardian to defend shall not be made till after the service of the summons in the action as required by the code. For this error alone the judgment is *reversed*, and cause remanded with

instructions to bring Thomas W. Paul before the court, and for further proceedings consistent herewith.

*Porter & Wallace, for appellants.*
· *Marshall & McLeod, for appellee.*